David D. VAUGHAN,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 16551.

Missouri Court of Appeals,
Southern District,
Division Two.

July 5, 1990.

John A. Klosterman, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Presiding Judge.

Movant David Vaughan appeals from the trial court's denial, without evidentiary hearing, of his Rule 24.035[1] motion seeking to vacate a judgment and sentence pronounced by that court on May 6, 1988. The judgment was entered pursuant to a plea of guilty to a charge of murder in the first degree. Movant was delivered to the custody of the Department of Corrections on May 10, 1988. The motion was filed on August 17, 1988. The trial court denied the motion for the reason that it was untimely.

Movant's sole point is that the trial court erred in denying the motion on the ground that it was untimely because: (a) movant "did timely file documents which the circuit clerk returned to movant," and (b) the "absolute deadline" imposed by Rule 24.035(b) for the filing of a Rule 24.035 motion denied movant "the right to due process of law."

Rule 24.035(b) reads:

"A person seeking relief pursuant to this Rule 24.035 shall file a motion to vacate, set aside or correct the judgment or sentence substantially in the form of Criminal Procedure Form No. 40. No cost deposit shall be required. The motion shall be filed within ninety days after the movant is delivered to the custody of the department of corrections. Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035."

Although the trial court did not conduct an evidentiary hearing on the merits of the Rule 24.035 motion, it did hold such a hearing in connection with the state's motion to dismiss the Rule 24.035 motion. At that hearing, evidence was adduced showing that in late July or early August 1988 movant wrote a letter to the circuit clerk and requested copies of the docket sheets in the underlying case. On August 3, 1989, the circuit clerk wrote a letter to movant informing him that the docket sheets would not be provided until movant made payment, at 20 cents a page, for them.

On August 10, 1988, the circuit clerk, by letter, returned to movant three documents previously mailed by movant to the clerk or to a circuit judge at the courthouse. Those documents, apparently received by the

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

clerk on August 10, 1988, consisted of the following:

1. A letter dated "July 1988" from movant to the judge informing the judge that movant was going to file a motion for leave to proceed in forma pauperis;

2. A document entitled "Motion for Leave to Proceed in Forma Pauperis," signed by movant before a notary public on August 1, 1988;

3. A document entitled "Declaration in Support of Request to Proceed in Forma Pauperis," signed by movant before a notary public on August 1, 1988.

The clerk's letter of August 10, 1988, enclosed a copy of "a memorandum that all our documents must be filed on 8½ × 11 inch paper."

Movant's brief in this court states that movant "originally timely filed documents, albeit on incorrect size paper." The brief also states that movant "faced with an absolute deadline, simply erred and mailed his motion on the wrong size paper."

This is not a case in which a Rule 24.035 motion, otherwise in proper form, was rejected for filing because it was on the wrong size paper. The three documents previously described, and on which movant bases the foregoing statements in his brief, did not purport to be, individually or collectively, a Rule 24.035(b) motion. They recited that movant was not presently employed, had no salary, real estate or other assets, and contained a request that movant be permitted to proceed in forma pauperis. Rule 24.035(b) permits the filing of a Rule 24.035 motion without a cost deposit. The three documents did not contain any of the matters required by paragraphs 2 through 17 of Criminal Procedure Form No. 40.

It is unclear when the three documents were received by the clerk or by the judge. It seems likely that they were received after the 90-day deadline contained in Rule 24.035(b). Even if they were received a day or two prior to that deadline, however, they were not "substantially in the form of Criminal Procedure Form No. 40," as required by Rule 24.035(b).

The only document filed by movant which was "substantially in the form of Criminal Procedure Form No. 40," was the document filed on August 17, 1988, more than a week after the 90-day deadline.

The trial court properly concluded that the motion filed on August 17, 1988, was untimely. Prong (a) has no merit.

There is no merit in prong (b) in which movant seeks to challenge the validity of the 90-days provision of Rule 24.035(b). "The time limitations of *Rule 29.15* are valid and mandatory. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989); *Sloan v. State*, 779 S.W.2d 580, 581–82 (Mo. banc 1989)." *Amrine v. State*, 785 S.W.2d 531, 533 (Mo. banc 1990).

The judgment is affirmed.

HOGAN and SHRUM, JJ., concur.