Martin G. WILSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 17372.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 4, 1991.

Lew Kollias, Columbia, for appellant.

William L. Webster, Atty. Gen., Robin H. Grissom, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

Martin G. Wilson ("movant") appeals from an order dismissing his motion under Rule 24.035, Missouri Rules of Criminal Procedure (1990). In the motion, movant prayed the circuit court to vacate his conviction of attempting to commit sodomy, for which he was sentenced to four years' imprisonment.

The circuit court dismissed the motion because it was untimely filed. This appeal hinges solely on whether that determination was correct. Consequently, we set forth only the facts pertinent to that issue.

Movant pled guilty January 16, 1990. The circuit court ordered a presentence in-

vestigation. Movant reappeared in the circuit court February 20, 1990, and was sentenced that date. Movant was delivered to the Department of Corrections a week later.

On May 10, 1990, movant, acting pro se, filed a two-page document in the circuit court captioned "Defendant's Request for 120 Days Shock Probation Hearing and Consideration." The document displayed the case number of the attempted sodomy case (CR289–624FX) and was styled the same as the amended information to which movant had pled guilty. The clerk noted the filing of the document on the docket sheet in CR289–624FX.

On August 6, 1990, movant, again acting pro se, filed two documents in the circuit court. One displayed case number CR289–624FX, but identified movant as "Petitioner" and the State of Missouri as "Respondant" [sic]. The purposes of this document, as we divine them, were to "dismiss" the request for 120 days "shock release," and to obtain leave of court to file a motion to vacate the conviction per Rule 24.035.

The second document filed by movant August 6, 1990, sought relief under Rule 24.035. Among other things, it averred certain information in the presentence investigation report was false, proclaimed movant was innocent, and stated he should be examined to determine whether he had a mental disease which would exclude criminal responsibility.

The clerk noted the filing of both documents on the docket sheet in CR289–624FX. Additionally, the clerk opened a new file for the 24.035 action, assigned that file a case number of its own (CV190–379CC), and noted the filing of both documents on the docket sheet in CV190–379CC.

The circuit court granted movant leave to proceed as a pauper in CV190–379CC and appointed counsel for him. Counsel thereafter filed an amended motion to vacate in CV190–379CC. Among other things, the amended motion averred movant's plea of guilty in CR289–624FX was involuntary, there was no factual basis for it, and the lawyer who represented movant when the plea was entered rendered ineffective assistance in sundry respects.

On January 22, 1991, the prosecutor and movant's counsel appeared in the circuit court in CV190–379CC, whereupon the court dismissed movant's "24.035 motion" because it was untimely filed. This appeal followed.

Movant's brief presents one point relied on:

"The [circuit] court erred in ... denying [movant's] ... motion ... based upon the motion being untimely filed because the absolute filing deadline imposed by Rule 24.035 operated to deny [movant] due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, sections 10 and 14 of the Missouri Constitution in that the absolute filing deadline arbitrarily denied [movant] relief because the Rule makes no provision for late filing of postconviction relief motion for good cause shown, and Rule 24.035 provides the exclusive means for a person under detention pursuant to felony conviction in Missouri to attack the constitutionality of that detention. Additionally, [movant] attempted to petition the court for review of sentence within the 90 day filing deadline, but as [movant] did not have assistance of counsel, he improvidently entitled the motion filed as consideration for shock probation even though such a motion is not proper as neither the defense nor State can petition the court for shock probation."

Rule 24.035 reads:

"(a) ... A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claims that the judgment of conviction or sentence imposed violate the constitution or laws of this state or the constitution of the United States, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035. This Rule 24.035 provides the

exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated....

(b) ... A person seeking relief pursuant to this Rule 24.035 shall file a motion to vacate, set aside or correct the judgment or sentence substantially in the form of Criminal Procedure Form No. 40.... The motion shall be filed within ninety days after the movant is delivered to the custody of the department of corrections. Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035.
...."

Movant maintains the 90–day limitation in paragraph "(b)," above, is arbitrary and unreasonable, and thus constitutes an unconstitutional deprivation of his "right to pursue the remedy of postconviction relief." Rule 24.035 is also flawed, says movant, in that it "provides absolutely no savings clause to allow the adjudication of late-discovered claims or claims filed out of time due to excusable neglect or justifiable excuse." Movant asserts we should reverse the order of the circuit court and remand for an evidentiary hearing on the grounds for relief pled in his amended motion to vacate.

■ Movant acknowledges the Supreme Court of Missouri has rejected constitutional attacks on Rule 24.035 identical to his. *Day v. State,* 770 S.W.2d 692, 695[1] (Mo. banc 1989), *cert. denied sub nom. Walker v. Missouri,* 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). We are constitutionally controlled by decisions of the Supreme Court of Missouri. Mo. Const., Art. V, § 2 (1945), *State v. Jones,* 703 S.W.2d 41, 42[1] (Mo.App.1985). Accordingly, we deny movant's constitutional challenges to Rule 24.035.

As reported earlier, movant was delivered to the Department of Corrections February 27, 1990. His pro se motion to vacate under Rule 24.035 was filed August 6, 1990, some 70 days past the deadline in Rule 24.035(b).

■ The remedy provided by Rule 24.-035 exists only within the limits specified therein. *White v. State,* 779 S.W.2d 571, 572[1] (Mo. banc 1989). The Rule contains no authority for extension of the time limits expressly stated. *Id.* By failing to file his motion to vacate within 90 days after delivery to the Department of Corrections, movant waived his right to proceed under Rule 24.035. Consequently, the circuit court ruled correctly in dismissing movant's pro se 24.035 motion and the amended motion that came later. *White,* 779 S.W.2d at 572–73.

■ Movant's written request for "shock probation" filed May 10, 1990 (within 90 days after his delivery to the Department of Corrections) did not toll the running of the 90–day period specified in Rule 24.-035(b). That document did not attack movant's conviction, nor did it aver his sentence exceeded the maximum authorized by law.

The obvious purpose of the May 10, 1990, document was to induce the circuit court to exercise its authority under § 217.775.2, RSMo Cum.Supp.1989, by granting movant probation within 120 days after his delivery to the Department of Corrections.[1] A request for probation following conviction and sentence does not challenge the validity of either.

■ Furthermore, paragraph "(b)" of Rule 24.035 requires a prisoner seeking relief under that Rule to file a motion substantially like Criminal Procedure Form No. 40. *Vaughan v. State,* 792 S.W.2d 427, 428 (Mo.App.1990). Movant's request for "shock probation" bore no resemblance to Form 40. Consequently, it did not constitute a motion under Rule 24.035 for the purpose of meeting the 90–day deadline. *Vaughan,* 792 S.W.2d at 428.

Inasmuch as movant filed no motion attacking his conviction and sentence on any

---

1. Section 217.775, RSMo Cum.Supp.1989, was repealed by Laws of Missouri 1990, S.C.S.H.C.S.H.B. 974, § A, pp. 749–91. That legislation included a new provision addressing the same subject: § 559.115, RSMo Cum.Supp.1990.

Under former § 217.775.2 and new § 559.115.2, a circuit court may grant probation on only its own motion, not that of the State or the defendant.

ground specified in Rule 24.035(a) within the time required by Rule 24.035(b), he lost his right to seek 24.035 relief.

The order of the circuit court is affirmed.

PREWITT, P.J., and PARRISH, J., concur.