**Kenneth SMOOT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 61936.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 23, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
March 24, 1993.

Application to Transfer Denied
May 25, 1993.

David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Michael J. Spillane, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals the denial of his Rule 24.035 motion for post-conviction relief. We affirm.

The State indicted Defendant for possession of cocaine in violation of § 195.020. Because he was incarcerated in Kentucky, Defendant filed a request to dispose of the charges pursuant to the Interstate Agreement on Detainers Act. On December 11, 1989, Defendant entered his plea of guilty to the charge. He was sentenced to a term of imprisonment of five years concurrent with the Kentucky sentence he was then serving. After completing his sentence at Kentucky, Defendant was delivered to the Missouri Department of Corrections on August 27, 1991. On October 25, 1991, Defendant filed a "Motion for Consideration for Probation Modification And Or Reduction of Sentence," or motion for shock probation, pursuant to § 217.775, RSMo 1986 (repealed) (§ 217.775 was repealed in 1990 and replaced by § 559.115, RSMo Supp. 1992). Then, on November 26, 1991, he filed a Rule 24.035 motion for post-conviction relief. The trial court held an evidentiary hearing and denied the motion as untimely and meritless. Defendant now appeals.

■■■ We review the decision of the motion court only to determine whether it is clearly erroneous. Rule 24.035(j). Rule 24.035 requires a post-conviction motion after a plea of guilty to be filed "within ninety days after the movant is delivered to the custody of the department of corrections." Rule 24.035(b). These time limitations are mandatory and constitutional. *Day v. State,* 770 S.W.2d 692, 695[1] (Mo. banc 1989), *cert. denied sub nom. Walker v. Missouri,* 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). In the case at hand, Defendant filed his 24.035 motion on November 26, 1991, ninety-one days after he was delivered to the department of corrections. *See,* Rule 20.01 (computation of time under Rules of Criminal Procedure). Consequently, the trial court's finding that Defendant's 24.035 motion was untimely is not clearly erroneous.

■■■ Defendant argues his motion for shock probation pursuant to § 217.775 was substantially a Rule 24.035 motion. This motion was filed within the ninety days from delivery. Therefore, Defendant asserts he did meet the time limitations of Rule 24.035. We reject Defendant's assertion. For a document to be sufficient to qualify as a Rule 24.035 motion for post-

conviction relief, it must be "substantially in the form of Criminal Procedure Form No. 40." Rule 24.035(b). Generally, the document must contain matters required by Form No. 40, including claims the Defendant's sentence or conviction violated the Missouri or United States Constitution and state grounds for vacating, setting aside or correcting Defendant's conviction or sentence. *Vaughan v. State*, 792 S.W.2d 427, 428[1] (Mo.App.1990); and *King v. State*, 772 S.W.2d 18, 19[1] (Mo.App.1989). A motion to induce the court to grant shock probation does not challenge the Defendant's conviction as required under Rule 24.035. *Wilson v. State*, 818 S.W.2d 723, 725[5] (Mo.App.1991). Therefore, Defendant's motion for shock probation is not sufficient to satisfy the time limitations of Rule 24.035.

Judgment affirmed.

AHRENS, P.J., and REINHARD, J., concur.