**Timothy R. BELVIY, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 18908.

Missouri Court of Appeals,
Southern District,
Division Two.

April 8, 1994.

Gary E. Brotherton, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jennifer A. Glancy, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Presiding Judge.

Movant Timothy Belviy appeals from a dismissal of his Rule 24.035 [1] motion seeking to vacate a judgment and sentence on his plea of guilty to kidnapping (Count I), felonious restraint (Count II and Count III), sodomy (Count IV), and stealing (Count V). Movant was sentenced to 15 years' imprisonment on Count I, 7 years' imprisonment on each of Counts II, III, and V, and 10 years' imprisonment on Count IV. The sentence on Count IV runs consecutively to the other counts which run concurrently with each other.

Movant's motion was filed on April 12, 1993. The state filed a motion to dismiss on the ground that the motion was untimely in that it was not filed within 90 days after movant was delivered to the Department of Corrections, as required by Rule 24.035(b). Rule 24.035(b) further provides that a failure to file a motion within the time so prescribed "shall constitute a complete waiver of any right to proceed under this Rule 24.035." The trial court sustained the state's motion. Movant appeals.

Movant's sole point is that the order of dismissal was clearly erroneous and in violation of movant's constitutional rights "in that the Greene County Circuit Clerk's office was obligated to file the pro se motion it initially received from movant, notwithstanding its poor physical condition."

"Appellate review of the trial court's action on the motion filed under this Rule 24.035 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(j).

Movant does not dispute the fact that the motion which he filed on April 12, 1993, was untimely. In his argument, movant says: "The deadline for [movant] to file a motion under Rule 24.035 was April 7, 1993, a Wednesday." As this court understands movant's contention, it is that movant complied with the 90–day deadline because the clerk of the circuit court received a pro se motion from movant "before April 7, 1993, but failed to file it."

A hearing was held on the state's motion to dismiss. At that hearing, movant's counsel called Michael Carr, Clerk of the Circuit Court of Greene County, as a witness.

Carr testified: "I am familiar with movant's Exhibit 1. It is a scratch pad that my staff uses to send memos back to various people. Prior to receiving the motion which was filed April 12, 1993, I received another document from movant. I have no idea what that date was. My staff brought it to my attention because they were concerned about some of the conditions of the pleading. I made the decision that it was not in proper form to be filed, and I instructed my staff to send it back to movant. That [Exhibit 1?] is the note that they put on that pleading that they sent back to movant by ordinary mail. The pleadings (sic) were in very poor condition. They looked like they had been wadded up, torn up, and then scotch taped back together. They were in pencil form, which is contrary to Rule 3.4 of the local rules. The document was not legible."

Exhibit 1 was received into evidence but has not been filed in this court. The original pleading, which witness Carr described as illegible, was mailed back to movant and was not offered in evidence at the hearing on the state's motion.

This appeal lacks merit for independent reasons:

First, if movant is challenging the dismissal of his motion of April 12, 1993, the only order appealed from, that challenge lacks merit for the reason that the motion was untimely. "The time limitations of Rule 24.-035 have withstood constitutional scrutiny. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc), *cert. denied sub nom. Walker v. Missouri,* 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989)." *State v. Vidal,* 843 S.W.2d 392, 394 (Mo.App.1992).

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

Second, if movant is seeking to challenge the propriety of the circuit clerk's refusal to file the original document, there is nothing in the record to support that challenge, and the record contains testimony which refutes it.

"A person seeking relief pursuant to this Rule 24.035 shall file a motion to vacate, set aside or correct the judgment or sentence substantially in the form of Criminal Procedure Form No. 40." Rule 24.035(b).

Witness Carr testified that before receiving the motion which was filed April 12, 1993, he had received another document from movant. This opinion will refer to the other document as Document X. Document X was not produced in the trial court, although it was returned to the possession of movant. Document X, according to movant's witness Carr, had been "wadded up, torn up, and then scotch taped back together." He testified that Document X was not legible.

The record does not show whether Document X was received by the clerk's office before or after the 90–day deadline contained in Rule 24.035(b). Even if it was received a day or two prior to that deadline, there is no showing that it was "substantially in the form of Criminal Procedure Form No. 40," as required by Rule 24.035(b). Carr's testimony shows otherwise.

The statement of facts portion of movant's brief contains no description of Document X nor its contents. Movant's brief says: "Whether the initial motion movant submitted to the clerk's office was in ideal condition is irrelevant." That statement ignores the requirement of Rule 24.035(b) with regard to the form of a Rule 24.035 motion. See *Vaughan v. State*, 792 S.W.2d 427, 428 (Mo. App.1990), and *Wilson v. State*, 818 S.W.2d 723, 725[5, 6] (Mo.App.1991). Movant has failed to demonstrate that the trial court erred in entering its order of dismissal.

The judgment is affirmed.

PREWITT and CROW, JJ., concur.