**Charles ELAMIN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 56140.**

Missouri Court of Appeals,
Western District.

June 8, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 27, 1999.

Application for Transfer Denied
Sept. 1, 1999.

Rosemary E. Percival, Asst. Public Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Wade Thomas, Asst. Atty. Gen., Jefferson City, for respondent.

FOREST W. HANNA, Judge.

The movant, Charles Elamin, pled guilty to the class C felony of tampering in the first degree, § 569.080.1(2), RSMo 1994, in the Jackson County Circuit Court. He was charged as a prior and persistent offender and was sentenced to eight years imprisonment. On May 2, 1997, movant was delivered to the Department of Corrections. On July 7, 1997, he requested additional time to file his Rule 24.035 post-conviction motion, but his request was denied by the motion court. On August 29, 1997, movant filed a *pro se* motion for post-conviction relief by filing a Form 40, which was subsequently amended by appointed counsel.[1] This motion was filed

---

1. In his post-conviction motion, the movant complains that his attorney was ineffective

because he allowed him to plead guilty to a sentence in excess of the maximum for a class

approximately 120 days after the movant was delivered to the Missouri Department of Corrections. An evidentiary hearing was held and, on June 17, 1998, the post-conviction relief motion was dismissed with prejudice. The court found that the 90–day deadline for filing a post-conviction motion is mandatory and cannot be extended by the trial court.

 The movant claims that his July 7, 1997, request for an extension of time amounted to a timely post-conviction motion, and that the motion court should have considered it as it was substantially in compliance with Form 40. The motion court, however, concluded that the time was not tolled since his motion was not substantially in the form of a Form 40.

The objective of the movant's motion for an extension of time was not to raise claims for review, but rather to obtain an extension of time to file a Rule 24.035 motion. The movant did not allege specific claims or facts in support of post-conviction relief in his request for an extension of time. In *Wilson v. State*, the court found that the movant's written request for "shock probation," filed within the time period, did not toll the Rule 24.035 time period because the request "did not attack the movant's conviction, nor did it aver his sentence exceeded the maximum authorized by law." 818 S.W.2d 723, 725 (Mo. App.1991). The *Wilson* court also determined that since movant's request "bore no resemblance to Form 40 … it did not constitute a motion under Rule 24.035 for the purpose of meeting the 90–day deadline." *Id.* (citing *Vaughan v. State*, 792 S.W.2d 427, 428 (Mo.App.1990)). "Inasmuch as movant filed no motion attacking his conviction and sentence on any ground specified in Rule 24.035(a) within the time required by Rule 24.035(b), he lost his

right to seek 24.035 relief." *Wilson*, 818 S.W.2d at 726.

 Furthermore, the motion court did not have the discretion to grant an extension of time. *Day v. State*, 770 S.W.2d 692, 693 (Mo. banc 1989). The motion court did not clearly err in its determination that the movant's 24.035 motion was not substantially in the form of a Form 40 and, thus, did not toll the 90–day time period for filing under the rule.

2

The judgment of the motion court dismissing the movant's motion is affirmed.

EDWIN H. SMITH, P.J., and SPINDEN, JJ., concur.

---

C felony of seven years. He claims this despite the fact that, at the plea hearing, the movant acknowledged that he was a prior and persistent offender and could be sentenced up to a term of 20 years. Moreover,

the court specifically told movant at the plea hearing that she was considering a sentence of eight years or less pursuant to the plea agreement.