**Clifford L. KENDRICK, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 43433.**

Missouri Court of Appeals,
Western District.

Jan. 2, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 5, 1991.

David S. Durbin, Appellate Defender, Jeanne Haas McKenna, Asst. Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before NUGENT, C.J., ULRICH, J., and WASSERSTROM, Senior Judge.

PER CURIAM:

Movant Clifford L. Kendrick appeals from the denial of his Rule 24.035 motion for post-conviction relief. On January 16, 1990, the movant pleaded guilty to a reduced charge of first degree tampering and the court sentenced him to seven years imprisonment. The court suspended execution of the sentence for one week to allow him to make arrangements for his pregnant wife. Execution of sentence commenced on January 23, 1990.

On May 11, 1990, the movant filed a verified pro se motion under Rule 24.035. The grounds set forth in the motion stated:

(1) The trial court erred in waiving the presentence investigation.

(2) The evidence would have warranted consideration for "shock probation."

The motion included no other factual allegations to support those contentions. Movant did not request a hearing on his pro se motion, but an undated letter to the court did request a hearing.

On May 11, 1990, the motion court mailed out notice of a docket entry. The motion court concluded that the files and record of the case conclusively show the movant not entitled to relief. The docket entry shows denial of the motion without any further findings. The court did not appoint counsel.

The movant appeals, claiming that the motion court erred in overruling his post-

conviction motion without a hearing because:

[Movant] pled a cause of action in ineffective assistance of counsel where [movant] alleged that his attorney did not inform [movant] that he would be tried as a prior and persistent offender. Because [movant] was misinformed, he agreed to plead guilty, thus rendering his plea fatally defective as it was not intelligently nor voluntarily made.

We affirm the judgment.

 The state accurately points out that the movant entered into the custody of the Department of Corrections no later than January 23, 1990. Therefore, he had ninety days (until April 23, 1990), in which to file a motion under Rule 24.035(b). By failing to file a motion within the time provided by the rule, he completely waived any right to seek relief under the rule. Cases interpreting Rule 29.15 and Rule 24.-035 leave no doubt: The courts hold the time constraints under the rules mandatory by their terms and constitutionally valid. *Day v. State,* 770 S.W.2d 692, 695 (Mo. 1989) (en banc), *cert. denied, Walker v. Missouri,* — U.S. —, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989); *Suman v. State,* 783 S.W.2d 525, 526 (Mo.App.1990). They do not constitute a suspension of the constitutional right to relief under habeas corpus. *White v. State,* 779 S.W.2d 571, 573 (Mo. 1989) (en banc). Nor do the time limitations violate the movant's rights to due process or equal protection. *Dwyer v. State,* 781 S.W.2d 574 (Mo.App.1989).

The motion court here denied the motion on its merits, whereas, the correct disposition would have been to dismiss the motion for untimeliness. *Murphy v. State,* 796 S.W.2d 673, 674 (Mo.App.1990). Accordingly, pursuant to Rule 84.14, we hereby set aside the order of the trial court denying the motion and order movant's motion dismissed because he failed to file his motion within the time limits of Rule 24.035(b).