**Jose GUANA, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 50983.**

Missouri Court of Appeals, Western District.

Dec. 12, 1995.

Gary E. Brotherton, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Christine M. Blegan, Asst. Attys. Gen., Jefferson City, for respondent.

Before SPINDEN, P.J., and BRECKENRIDGE and SMART, JJ.

BRECKENRIDGE, Judge.

Jose Guana pleaded guilty to one count of unlawful use of a weapon, § 571.030.1(1), RSMo Supp.1990. The guilty plea court sentenced him to a two-year term of imprisonment, suspended the execution of the sentence, and placed him on probation for five years. Following several reports of probation violations, Mr. Guana's probation was

revoked and he was placed in the custody of the Department of Corrections. Mr. Guana subsequently filed a Rule 24.035 motion for post-conviction relief, which was denied by the motion court. Mr. Guana now appeals the denial of his Rule 24.035 motion.

The judgment denying post-conviction relief is vacated and the cause remanded for dismissal.

Mr. Guana filed his *pro se* Rule 24.035 motion on January 24, 1994. In his motion, Mr. Guana indicated that he had been delivered to the custody of the Department of Corrections on June 9, 1993, over seven months earlier. The motion court then appointed post-conviction counsel for Mr. Guana, and said counsel filed an "Affidavit of Counsel and Notice of Waiver of Amended Motion." Subsequently, the motion court denied Mr. Guana's Rule 24.035 motion without an evidentiary hearing.

A Rule 24.035 motion must be filed within ninety days after the defendant is delivered to the custody of the Department of Corrections. Rule 24.035(b). The ninety-day filing deadline in Rule 24.035(b) is constitutional and mandatory, and a failure to comply with this filing deadline constitutes a complete waiver of any right to proceed under the Rule. *Smith v. State*, 798 S.W.2d 152, 153–54 (Mo. banc 1990); *McFarland v. State*, 876 S.W.2d 48, 49 (Mo.App.1994).

In the case at bar, Mr. Guana did not comply with the ninety-day filing deadline in Rule 24.035(b). Nevertheless, the motion court ultimately denied the motion on its merits. Technically, the motion court should have dismissed the motion without considering the allegations it contained. *McFarland*, 876 S.W.2d at 49–50. Therefore, this court vacates the motion court's judgment denying Mr. Guana's Rule 24.035 motion, and the cause is remanded to the motion court for

dismissal of the motion under Rule 24.035. *Smith*, 798 S.W.2d at 153–54.

All concur.