**Ronald H. ROTH, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 51552.**

Missouri Court of Appeals,
Western District.

May 14, 1996.

David Simpson, Asst. Public Defender, Columbia, for appellant.

Jeremiah A. (Jay) Nixon and Cheryl A. Caponegro, Jefferson City, for respondent.

Before LAURA DENVIR STITH, P.J., and ULRICH and SMART, JJ.

ULRICH, Judge.

Ronald H. Roth appeals the denial of his Rule 24.035 motion after an evidentiary hearing. Mr. Roth sought to vacate his conviction for passing a bad check over $150 in violation of section 570.120, RSMo 1994 and sentence of four years imprisonment. The

order of the motion court denying the Rule 24.035 motion is vacated, and the case is remanded with directions to dismiss the motion without prejudice.

On April 18, 1994, Mr. Roth pleaded guilty to one count of passing a bad check over $150. In exchange for his guilty plea, the state agreed to recommend a four year sentence to run *concurrently* with a federal sentence Mr. Roth was currently serving. After extensive questioning of Mr. Roth regarding his understanding of the consequences of his guilty plea, the court accepted the plea and found it to be knowing and voluntary. Mr. Roth then waived a presentence investigation and was sentenced to four years imprisonment to be served *consecutively* to his federal sentence. Execution of the sentence was stayed until Mr. Roth completed his confinement at the Federal Correctional Institution in Texarkana, Texas.

On July 11, 1994, Mr. Roth filed his *pro se* Rule 24.035 motion for postconviction relief on a Criminal Procedure Form No. 40. An amended motion was filed by appointed counsel on his behalf on November 1, 1994. The motions alleged, among other things, that Mr. Roth's plea was unknowing and involuntary because the plea court failed to allow him to withdraw his plea of guilty after the court declined to sentence him to a four-year term concurrent to the federal sentence he was then serving. After an evidentiary hearing, the motion court entered findings of fact and conclusions of law denying Mr. Roth's postconviction motion.

On appeal, Mr. Roth claims the motion court erred in denying his Rule 24.035 motion. He argues that (1) he did not understand the plea agreement negotiated included a recommendation by the prosecutor to the court that he receive a concurrent four-year sentence and did not include a binding requirement on the court to impose the sentence; and (2) the plea court violated Rule 24.02(d)(4) and *Schellert v. State*, 569 S.W.2d 735 (Mo. banc 1978), by failing to inform him that it was rejecting the state's sentence recommendation and by not allowing him the opportunity to withdraw his guilty plea. The

state argues that Mr. Roth waived his right to proceed under Rule 24.035 when he failed to indicate in his motions the date upon which he was delivered to the custody of the Missouri Department of Corrections.

Although the state did not move to dismiss Mr. Roth's motion for postconviction relief, and the motion court did not consider the timeliness of his motion[1], this issue is jurisdictional and must be addressed on appeal. In designating who may seek postconviction relief, Rule 24.035(a) requires that a person be convicted of a felony on a plea of guilty and delivered to the custody of the Missouri Department of Corrections on the same conviction challenged in the motion. Rule 24.035(a); *Hopkins v. State*, 802 S.W.2d 956, 957 (Mo.App.1991). Rule 24.035(b) provides that a motion to vacate, set aside or correct the judgment or sentence must be filed within ninety days of the date the person is delivered to the custody of the Missouri Department of Corrections. Rule 24.035(b). Demonstration of a timely filing of a *pro se* motion is a condition precedent to pleading a claim for postconviction relief. *Id.; Martin v. State*, 895 S.W.2d 602, 604 (Mo.App.1995). For a movant not in custody of the Missouri Department of Corrections, the timeliness of filing is determined by the date of his physical delivery to the custody of the Missouri Department of Corrections, not by the date of sentencing. *Edgington v. State*, 860 S.W.2d 389 (Mo.App.1993). If a Rule 24.035 motion is filed before the date of the movant's physical delivery to the Missouri Department of Corrections, the motion is premature and the appropriate disposition of the motion is dismissal without prejudice. *Hopkins*, 802 S.W.2d at 957.

Although Mr. Roth failed to indicate in his motions the date upon which he was delivered to the custody of the department of corrections, the record is clear that he was not yet in the custody of the Missouri Department of Corrections on July 11, 1994, the date he filed his *pro se* Rule 24.035 motion for postconviction relief. At the plea and sentencing hearing, Mr. Roth testified that

---

1. The motion court merely stated in its findings of fact and conclusions of law that Mr. Roth

timely filed a Motion to Vacate, Set Aside, or Correct Judgment and Sentence.

he was then currently serving a federal sentence in the Federal Correctional Institute in Texarkana, Texas, with an anticipated release date of March 1, 1995. He further testified at the hearing on his Rule 24.035 motion that his attorney had sent him the Form 40 a month after his plea while he was still in Texarkana. Additionally, Mr. Roth's *pro se* motion listed his address as the federal prison in Texas, and his first amended motion was verified in Texas. Not yet having been delivered to the custody of the Missouri Department of Corrections, Mr. Roth prematurely filed his Rule 24.035, and the motion court lacked authority to entertain the motion.

The order denying the Rule 24.035 motion is, therefore, vacated, and the case is remanded to the motion court with directions to enter an order of dismissal without prejudice.

All concur.