**Daniel MARSCHKE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 53521.**

Missouri Court of Appeals,
Western District.

May 27, 1997.

Kent Denzel, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Fernando Bermudez, Assistant Attorney General, Jefferson City, for respondent.

Before ELLIS, P.J., and LOWENSTEIN and HOWARD, JJ.

ELLIS, Presiding Judge.

On March 20, 1995, Daniel Marschke was charged by information with two counts of selling a controlled substance, § 195.211,[1] and two counts of possession of a controlled substance. On March 21, 1995, pursuant to plea negotiations, Marschke appeared before the Circuit Court of Miller County and entered a plea of guilty to one count of selling a controlled substance and two counts of possessing a controlled substance.[2] In conjunction with his plea, Marschke presented the court with a signed "Petition to Enter Plea of Guilty." The circuit court accepted Marschke's plea and on March 28, 1995, sentenced him to concurrent terms of ten years on the sale count and seven years on each of the possession counts.

On June 30, 1995, Marschke filed a *pro se* motion for post-conviction relief under Rule 24.035. An amended motion was filed by appointed counsel on August 31, 1995. On October 15, 1996, the motion court denied Marschke's motion without an evidentiary hearing.

Marschke brings two points on appeal. In his first point, Marschke claims the motion court committed plain error in failing to *sua sponte* grant his Rule 24.035 motion because the plea court failed to personally advise Marschke of some of the rights he would be waiving, as required by Rule 24.02. In his second point, Marschke argues that the motion court clearly erred in finding that his claims were refuted by the record.

Prior to addressing Marschke's two points on appeal, the State argues that Marschke waived his right to proceed under Rule 24.035 because (1) Marschke failed to indicate in either of his motions the date he was delivered into the custody of the Missouri Department of Corrections and (2) more than ninety days had passed between his sentencing and the filing of his *pro se* motion.[3] Although the State raises this issue for the first time on appeal and the motion court did not consider the timeliness of the motion,[4] this issue is jurisdictional and must be addressed on appeal. *Roth v. State*, 921 S.W.2d 680, 681 (Mo.App. W.D.1996).

Under Rule 24.035, a motion to vacate, set aside or correct the judgment or sentence must substantially conform to Criminal Procedure Form No. 40 and must be filed within ninety days of the date the person is delivered to the custody of the Missouri Department of Corrections. Rule 24.035(b). "The 1990 amendment to Criminal Procedure Form No. 40 requires pleading the date of delivery to custody to enable determination of timeliness from the face of the *pro se* motion." *Lestourgeon v. State*, 837 S.W.2d 588, 591 (Mo.App. W.D.1992). "Demonstration of a timely filing of the *pro se* motion is a condition precedent to pleading a claim for post-conviction relief." *Roth*, 921 S.W.2d at 681; *Lestourgeon*, 837 S.W.2d at 591; *Martin v. State*, 895 S.W.2d 602, 604 (Mo.App. E.D.1995). Therefore, a Rule 24.035 movant bears the burden of both pleading and proving the timeliness of his motion. *Martin*, 895 S.W.2d at 604.

Marschke has failed to meet this burden. The only yardstick provided by Marschke by which the timeliness of his motion could be measured was the date of his sentencing,

1. All statutory references are to RSMo 1994 unless otherwise noted.

2. In exchange for Marschke's plea, the state agreed to drop one count of selling a controlled substance and to recommend concurrent terms of ten, seven and seven years.

3. The ninety-day filing deadline in Rule 24.035(b) is mandatory, and a failure to comply with this deadline constitutes a complete waiver of any

right to proceed under the Rule. *Guana v. State*, 911 S.W.2d 326, 327 (Mo.App. W.D.1995).

4. In its findings, the motion court noted that neither Marschke's *pro se* motion nor the amended motion filed by appointed counsel provided all of the information required by Criminal Procedure Form No. 40. The court opined that these omissions would likely be sufficient to deny the requested relief, but proceeded to entertain Marschke's claims on the merits.

March 28, 1995.[5] Marschke's *pro se* motion was filed on June 30, 1995, ninety-four days later. The motion court should have found that Marschke's motion was filed out of time and dismissed his petition for want of jurisdiction. *Kendrick v. State,* 804 S.W.2d 386, 387 (Mo.App. W.D.1991).

■ In reply to the State's argument, Marschke asserts that the time limit imposed by Rule 24.035 operates to arbitrarily deny him due process of law under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, § 10 of the Missouri Constitution because it does not provide for an exception to the time limit upon a showing of good cause. Marschke's claim is without merit.

The time limitations contained in Rule 24.035 are reasonable and serve "the legitimate end of avoiding delay in the processing of prisoners' claims and preventing the litigation of stale claims." *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989). The Rule 24.035 time constraints are constitutionally valid and are mandatory by their terms. *Johnson v. State,* 818 S.W.2d 656, 657 (Mo. App. W.D.1991).

Marschke failed to plead or prove that his motion was timely filed. The motion court technically erred by entertaining Marschke's motion on the merits rather than dismissing it for untimeliness. *Edgington v. State,* 869 S.W.2d 266, 269 (Mo.App. W.D.1994); *Kendrick v. State,* 804 S.W.2d 386, 387 (Mo.App. W.D.1991). The judgment is therefore vacated and the cause remanded for dismissal of the motion under Rule 24.035. *Guana v. State,* 911 S.W.2d 326, 327 (Mo.App. W.D. 1995); *Smith v. State,* 798 S.W.2d 152, 153 (Mo. banc 1990).

All concur.

---

5. Nothing in Marschke's legal file makes any reference to when he was delivered into the custody of the Missouri Department of Corrections.