**Barry D. STIDHAM, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 54187.**

Missouri Court of Appeals,
Western District.

Jan. 6, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 3, 1998.

Application to Transfer Denied
April 21, 1998.

Andrew A. Schroeder, Asst. Appellate Defender, Kansas City, for Appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for Respondent.

Before SPINDEN, P.J., and LAURA DENVIR STITH and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

Barry D. Stidham appeals the denial of his Rule 24.035 motion without an evidentiary hearing, having pled guilty in the Circuit Court of Clay County, before the Honorable Victor C. Howard, to the Class C felony of stealing over $150, § 570.030 [1], for which he was sentenced to six years imprisonment.

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

Appellant claims in his sole point on appeal that the motion court erred in denying his Rule 24.035 motion without an evidentiary hearing because: (1) his plea counsel was ineffective, in that he failed to inform him that under § 558.019.2(3) he would be required to serve a mandatory minimum term of eighty percent of the sentence imposed; and, (2) the plea court did not comply with Rule 24.02, in that in advising him of the maximum penalty for the charged offense, it failed to advise him that under § 558.019.2(3) he would be required to serve a mandatory minimum term of eighty percent of the sentence imposed.

We vacate the judgment of the motion court and remand the cause for dismissal of appellant's Rule 24.035 motion as being out of time.

### Facts

On December 27, 1995, the appellant, Barry D. Stidham, appeared with his attorney before the Honorable Victor C. Howard in the Circuit Court of Clay County, Missouri, and entered a plea of guilty to the Class C felony of stealing more than $150, § 570.030, for stealing from Clark's Tools. In exchange for appellant's guilty plea, the State agreed not to charge him as a prior and persistent offender so that he could not be sentenced to an enhanced term of imprisonment.

The plea court, pursuant to Rule 24.02, questioned the appellant, *inter alia*, as to his understanding of his rights, the voluntariness of his guilty plea and the range of punishment. The appellant stated that he was satisfied with the services of his attorney. The court found that the appellant's plea was knowing and voluntary and that there existed a factual basis for the plea as required by Rule 24.02. The appellant was sentenced to a six-year term of imprisonment on February 1, 1996.

On May 21, 1996, the appellant filed a *pro se* motion to vacate, set aside or correct the judgment or sentence, pursuant to Rule 24.035, wherein he alleged that he had been in the custody of the Department of Corrections since February 13, 1996. Appellant was appointed counsel on May 29, 1996. On October 4, 1996, an amended motion was filed on the appellant's behalf, in which he admitted that his *pro se* motion was filed eight days late, but alleged that this was only because the original motion had been refused by the clerk of the court because of insufficient postage on May 10, 1996. Appellant alleged that he did not have access to a scale for purposes of determining the correct postage and that he was required to rely on the mail room in the Department of Corrections to verify the correct amount of postage needed.

Appellant alleged in his motions that his plea counsel was ineffective for failing to inform him that he would be required to serve a minimum of eighty percent of his sentence pursuant to the provisions of § 558.019. He alleged that he would not have pled guilty pursuant to the plea agreement if his attorney had informed him of the eighty percent requirement. As a further basis for his motions, the appellant alleged that the plea court did not comply with Rule 24.02, in that in advising him of the maximum penalty for the charged offense, it failed to advise him that under § 558.019.2(3) he would be required to serve a mandatory minimum term of eighty percent of the sentence imposed.

On March 4, 1997, the Honorable Michael J. Maloney denied appellant's Rule 24.035 *pro se* and amended motions without an evidentiary hearing. In its findings of fact, conclusions of law, and judgment, the motion court acknowledged that the appellant's *pro se* and amended motions were out of time, but stated that the court would rule on the merits of the motions because it found "that the facts stated in support of the late filing, if true, justif[ied] the late filing, but also [found] and believ[ed] that the facts stated in support of [appellant's] motion to vacate his sentence, if true, do not justify granting relief herein."

This appeal follows.

### I.

■ Prior to addressing appellant's sole point on appeal, we logically must address the State's argument that the motion court lacked jurisdiction to entertain the merits of

appellant's Rule 24.035 *pro se* and amended motions and that he waived his right to proceed under Rule 24.035 in that he filed his *pro se* motion out of time. Although the State raises this issue for the first time on appeal, the issue is jurisdictional and is not waived by failing to raise it sooner. *Marschke v. State,* 946 S.W.2d 10, 11 (Mo.App.1997) (citing *Roth v. State,* 921 S.W.2d 680, 681 (Mo.App.1996)).

▆ Rule 24.035 requires that a motion to vacate, set aside or correct the judgment or sentence must be filed within ninety days of the date the defendant is delivered to the custody of the Department of Corrections. Rule 24.035(b); *Marschke,* 946 S.W.2d at 11; *Guana v. State,* 911 S.W.2d 326, 327 (Mo. App.1995). The time limits of Rule 24.035 are constitutional and mandatory. *Whitby v. State,* 930 S.W.2d 68, 69 (Mo.App.1996); *Marschke,* 946 S.W.2d at 12. " 'Demonstration of a timely filing of the *pro se* motion is a condition precedent to pleading a claim for post-conviction relief.' " *Marschke,* 946 S.W.2d at 11 (citations omitted). An untimely *pro se* motion for postconviction relief is a fatal defect which cannot be cured by a timely amended motion. *Leatherwood v. State,* 898 S.W.2d 109, 112 (Mo.App.1995). Failure to file a Rule 24.035 motion "within the time provided by the rule constitutes a complete waiver of any right to proceed under the rule and of any claim that could be raised under the rule." *Whitby,* 930 S.W.2d at 69 (citations omitted). Filing of a document occurs when it is deposited with the circuit clerk's office. *Lewis v. State,* 845 S.W.2d 137, 138 (Mo.App.1993) (citations omitted).

▆ Here, appellant's *pro se* Rule 24.035 motion alleged that he had been in the custody of the Department of Corrections since February 13, 1996. Thus, his *pro se* motion for postconviction relief was required to be filed on or before May 13, 1996, ninety days after he arrived at the Department of Corrections.[2] Appellant asserts that, although the post office attempted to deliver his motion on May 10, 1996, which would have constituted timely filing of his motion, the circuit clerk's office would not accept it be-

cause it had insufficient postage. As a result, appellant's motion was not actually received by the clerk's office until May 21, 1996, eight days after it was required to be filed under Rule 24.035.

Under the circumstances present here, appellant argues that an exception should apply to the requirement that postconviction relief motions must be actually deposited with the circuit clerk's office to be deemed filed. He essentially argues for the application of a "mailbox rule," which would make the filing date of a Rule 24.035 motion the date the inmate delivers it to prison authorities for mailing, not the date it is actually received in the circuit clerk's office. *See Day v. State,* 864 S.W.2d 24, 25 (Mo.App.1993).

▆ The appellate courts of this state have historically rejected applying the mailbox rule to the filing of postconviction relief motions. *See Id.; State v. Collier,* 918 S.W.2d 354, 356 (Mo.App.1996); *O'Rourke v. State,* 782 S.W.2d 808, 809–10 (Mo.App.1990). Appellant fails to offer any persuasive argument as to why we should apply the rule now. Thus, because we do not recognize the application of the mailbox rule to the filing of postconviction relief motions and appellant's Rule 24.035 *pro se* motion was untimely otherwise, we find the motion court erred in entertaining appellant's *pro se* and amended motions on their merits, rather than dismissing them as being filed out of time. *Marschke,* 946 S.W.2d at 12 (citing *Edgington v. State,* 869 S.W.2d 266, 269 (Mo.App.1994)).

### Conclusion

The judgment of the motion court denying appellant's Rule 24.035 motion without an evidentiary hearing is vacated and the cause remanded with directions that the court dismiss appellant's motion.

All concur.

▆

---

2. We note that 1996 was a leap year.