**Michael B. GLADDEN, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 72412.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 10, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 7, 1998.

Dave Hemingway, Asst. Sp. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Catherine Chatman, Asst. Atty. Gen., Jefferson City, for respondent.

HOFF, Judge.

On July 29, 1996, Michael Gladden, Movant, pleaded guilty to possession of a controlled substance (cocaine). The trial court sentenced him to four years of imprisonment. Movant then filed a Rule 24.035 motion for post-conviction relief. Movant appeals the judgment denying that motion.

Movant asserts two points of error on appeal. He claims the motion court erred in denying his claims of ineffective assistance of counsel for failure to adequately investigate his witnesses and failure to confer with him about defense strategies. The motion court considered these points on their merits, but denied them without an evidentiary hearing. In response, the State contends that Movant waived his claims because his Rule 24.035 motion was not timely filed. The State first raises the issue of lack of timeliness on appeal in its Respondent's brief and the motion court did not consider it. However, the issue of timeliness is jurisdictional and may be raised for the first time on appeal. *Marschke v. State*, 946 S.W.2d 10, 11 (Mo.App. W.D. 1997).

A Rule 24.035 motion must be filed within 90 days after a defendant is physically delivered to the Missouri Department of Corrections. Rule 24.035(b). Movant filed his *pro se* Rule 24.035 motion on November 18, 1996. In his motion, Movant alleged he was delivered to the Department of Corrections on May 28, 1996, but alleged he was sentenced on August 1, 1996. His actual sentencing date was July 29, 1996. Our review of the record provided does not reveal the date of delivery. Considering any of these dates, Movant's motion appears untimely.

Movant did not file a reply brief refuting the State's contention his motion was untimely. Movant carries the burden of pleading and proving the timeliness of his motion. *Martin v. State*, 895 S.W.2d 602, 604 (Mo. App. E.D.1995). Movant has failed in his burden, by failing to plead or prove his mo-

tion was timely filed. Therefore, the motion court technically erred in considering Movant's motion on the merits. *Marschke*, 946 S.W.2d at 12.

The Missouri Supreme Court has consistently held that the time limits of Rule 24.035 are constitutional and mandatory, representing a strict guideline for the filing of post-conviction motions. *State v. Blankenship*, 830 S.W.2d 1, 16 (Mo. banc 1992); *State v. Twenter*, 818 S.W.2d 628, 644 (Mo. banc 1991); *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied sub nom. Walker v. Missouri*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Movant's failure to plead and prove a timely motion constitutes a complete waiver of his right to proceed under the rule. *Day*, 770 S.W.2d at 696.

The judgment is vacated and remanded for dismissal of the motion under Rule 24.035. *Smith v. State*, 798 S.W.2d 152, 153 (Mo. banc 1990).

ROBERT G. DOWD, Jr., P.J. and SIMON, J., concur.