**William R. WHITE, Jr., Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 60640.**

Missouri Court of Appeals,
Western District.

Dec. 10, 2002.

Andrew A. Schroeder, Assistant State Public Defender, Kansas City, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Dora A. Fichter, Assistant Attorney General, Jefferson City, MO, for respondent.

Before SMITH, P.J., SMART and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

William White appeals the denial of his Rule 24.035 motion following an evidentiary hearing. We vacate the judgment and remand the cause for dismissal because White's postconviction motion was untimely filed.

## Procedural Background

On May 9, 2000, White pled guilty to first-degree assault and armed criminal action and was sentenced to two concurrent twelve-year prison sentences. He was delivered to the Department of Corrections on May 11, 2000. On August 10, 2000, White filed a *pro se* Rule 24.035 motion for postconviction relief. The motion court dismissed the motion as untimely, pursuant to Rule 24.035(b), because it was filed more than ninety days after White was delivered to the Department of Corrections.

White filed a motion to reconsider the dismissal. The motion asserted White had sent a letter to the court on July 31, 2000, indicating his intent to file a Rule 24.035 motion. White contended the letter substantially complied with Criminal Procedure Form 40 and requested that it be considered as his timely filed Rule 24.035 *pro se* motion.

The motion court granted the motion for reconsideration, allowing White to proceed on his postconviction claim. On November 28, 2000, White's appointed counsel filed an amended Rule 24.035 motion. Following an evidentiary hearing on the amended motion, the court denied postconviction relief. White appeals, claiming the court erred in refusing to vacate the judgment of conviction because his plea counsel coerced him into pleading guilty.

## Jurisdictional Defect

Before considering the claim of error, we must address the State's contention that the motion court lacked jurisdiction to rule on the merits of White's postconviction claim because it was untimely filed. Rule 24.035(b) requires that a mo-

tion to vacate, set aside or correct the judgment or sentence be filed within ninety days of the date the defendant is delivered to the Department of Corrections. This time limit is constitutionally valid and mandatory. *Stidham v. State,* 963 S.W.2d 351, 353 (Mo.App. W.D.1998). Movant must demonstrate timely filing of a *pro se* motion as a condition precedent to pleading a claim for postconviction relief. *Id.* An untimely filing is a fatal defect, which cannot be cured and constitutes a complete waiver of any right to proceed on any claim under Rule 24.035. *Id.* The timeliness issue on a postconviction claim is jurisdictional and must be addressed on appeal. *Unnerstall v. State,* 53 S.W.3d 589, 590 (Mo.App. E.D.2001).

White's *pro se* Rule 24.035 motion was filed August 10, 2000, *ninety-one days* after he was delivered to the Department of Corrections on May 11, 2000. Despite the untimely filing, the motion court allowed White to proceed with the postconviction claim based on a letter, dated July 31, 2000, that White had previously sent to the court. The court agreed with White that the letter substantially complied with Criminal Procedure Form 40 and could be treated as a timely filed *pro se* postconviction motion under Rule 24.035(b), which provides in relevant part:

> A person seeking relief pursuant to this Rule 24.035 shall file a motion to vacate, set aside or correct the judgment or sentence substantially in the form of Criminal Procedure Form No. 40.

Form 40 serves as a procedural guide to filing motions for postconviction relief. The form instructs movant to concisely state, among other things, "all the claims known to you for vacating, setting aside or correcting your conviction and sentence[,]" and "the facts supporting each of the claims set out ..., and the names and addresses of the witnesses or other evi-

dence upon which you intend to rely to prove such facts[.]"

White's July 31 letter requested the court to help him obtain "the paperwork to file this [Rule 24.035] motion in a timely manner." White explained in the letter that he had not sought the Form 40 earlier because the sentencing court erroneously had him delivered to a 120–day drug treatment program pursuant to § 559.119 RSMo 2000, instead of a correctional facility to begin serving his concurrent twelve-year prison sentences. White wrote that he now intended to file Form 40 "to give the plea back due to misrepresentation by my attorney Mr. Harlod [sic] Holiday & other factors concerning my case."

White's letter did not contain a concise statement of his postconviction claims nor a listing of any facts, witnesses, or other evidence he intended to rely on to support his claims. Although the letter stated his attorney made a misrepresentation, White failed to specify the nature of the misrepresentation and whether or how it affected the voluntariness of his guilty plea. The letter "bore no resemblance" to Form 40 in the absence of any detailed information about White's postconviction claims. *Wilson v. State,* 818 S.W.2d 723, 725 (Mo.App. S.D.1991). The objective of the letter was not to raise claims for review but to seek the motion court's assistance in obtaining Form 40. At most, the letter could be construed as a request for an extension of time to file the Rule 24.035 motion, which the motion court had no discretion to grant. *Elamin v. State,* 6 S.W.3d 397, 398 (Mo.App. W.D.1999).

The motion court erred in allowing White's July 31 letter to serve as a timely filed postconviction motion because the letter was not substantially in the form of Form 40. The court did not have jurisdiction to proceed on the pro se Rule 24.035 motion filed ninety-one days after White

was delivered to the Department of Corrections. *Unnerstall*, 53 S.W.3d at 592. The judgment of the motion court is vacated and the cause remanded for dismissal.

All concur.