Larry CARTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 83 204 CR.

Court of Appeals of Texas, Beaumont.

Aug. 23, 1984.

Gerald Holmes, Nederland, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was indicted for attempted murder and injury to a child. When the case was called for trial, the State moved to proceed only on injury to a child. A jury found him guilty, and the jury assessed punishment at five years in the Texas Department of Corrections. Appellant perfects a review to this Court.

Ground of error number one follows: "The trial court committed reversible error by refusing to remove the jury (after request and objection by defense counsel) prior to allowing testimony by the child victim concerning the internal injuries which allegedly occurred from a bullet's trajectory through said victim's body."

The testimony concerning this ground of error is set out as follows:

"Q  You [the child] can stand right here. I want you to show the jury where he hit you.

"A  (Witness demonstrating)

"Q  That is a scar right there. What happened, where did the bullet go then?

"A  Through the top—

    "MR. HOLMES [defense counsel]: Objection, Your Honor. I request the jury be removed before he goes over into a description of where the bullet went.

    "THE COURT: I will entertain an objection but I'm not going to remove the jury.

    "MR. HOLMES: At this point, unless he shows some personal knowl-

edge of where that bullet went, if anywhere inside his body, we object to him basing it on something someone has told him, for example, a physician.

"THE COURT: Sustain the objection.

"Q  Okay.  When you felt the bullet go inside—is that scar correct right there?

"A  Um hum.

"Q  Could you open up—where else did it hit after that?

"A  Through the top of my mouth.

"Q  Open up your mouth.

"A  Knocked this tooth out, then went—

"Q  Do it again, please, so they can see.

"A  (Witness demonstrating)

"Q  So it hit that tooth?

"A  Yes.

"Q  And it knocked it out—

"A  Then went through my tongue where this—

"Q  Where that scar is on your tongue?

"A  And into the back of my neck."

■ So it is seen that the court not only sustained counsel's objection, but the witness gave testimony only to what he had direct and personal knowledge of.  A voir dire examination of the witness would have accomplished nothing and no error is shown.  *See Garrett v. State,* 641 S.W.2d 232 (Tex.Crim.App.1981).  This ground of error is overruled.

Appellant's second ground of error states:

"The prosecutor committed reversible error in asking a child witness (who had said he could not feel a bullet lodged inside his body) if the child knew that a bullet was lodged within his throat near his spinal cord."

Appellant has cited no authority in support of this contention.  The record does not completely support this ground of error.  The testimony follows:

"Q  To your knowledge—I know you are not a doctor—could you feel the bullet in the back of your throat close to your spinal cord?

"A  No.

"Q  But you know it was in there?

"A  Um hum."

■ Then defense counsel objected because "he has made a statement he has no personal knowledge of ...", which the court sustained.  The matter was not gone into further so we don't know whether the witness' knowledge was based on hearsay or not.  At any rate, it was not harmful.  *See Garrett v. State, supra.*  This ground of error is overruled.

Ground of error number three follows:

"The trial judge committed reversible error in refusing to grant the requested instructed verdict because the State had introduced no evidence (or insufficient evidence) that the victim sustained serious bodily injury."

■ *TEX.PENAL CODE ANN. sec. 1.07(a)(34)* (Vernon 1974) defines serious bodily injury as "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."  The better way for the State to establish this would be through the testimony of an expert, *i.e.,* a physician.  However, where the injury and its effects are obvious, we hold that such is not indispensable.  Testimony summarized in this opinion shows that the bullet entered his mouth, passed through his tongue and went into the top of his mouth.  This, to us, is obviously a "serious bodily injury" and supports the State's burden without further testimony.  Further, the child was in intensive care at the hospital for at least a day and confined to the hospital for about six days thereafter.  This ground of error is overruled.

Ground of error number four states:

"The trial judge committed reversible error by instructing the court reporter 'not to worry' about the making of a record, as such was an improper comment concerning the weight of the testimony of the defendant."

■ Actually, the trial judge advised the court reporter, "If you don't get it, don't worry about it."  It would probably be a

better practice at the beginning of a trial for the trial judge to admonish the attorneys to make certain the witnesses speak loud enough for the court reporter to hear it. However, it is always quite obvious to trial attorneys that if the court reporter doesn't hear a witness, he or she cannot transcribe it. So, trial attorneys must make certain their questions and answers are audible, or no complaint will be entertained if they do not get transcribed. However, we find no comment on the weight of the evidence here. This ground of error is overruled.

Ground of error number five urges:
"The trial court committed reversible error by improperly shifting the burden of audible testimony and complete transcription of the testimony to the attorney's [sic] rather than the judge."

This is a novel challenge to us and to better explain it we hereafter quote from appellant's brief:

"During the course of the trial numerous comments were made by the trial judge concerning inability of the court reporter or jury to hear certain portions of witness testimony ....

....

"In this case, before the first word of evidence was spoken to the jury, the trial judge instructed them to the effect that the jury could 'discount anything' that a witness said if some portion of their testimony became inaudible. He further instructed the jury that '*he did not want them*' 'trying hard to listen to them'."

 With these comments from the judge, certainly counsel on both sides should have been put on notice they must make certain witnesses being interrogated speak loud enough for the court reporter to transcribe the testimony. Appellant does not have a bill setting forth any testimony left out of the record because of failure of transcription. This ground of error is overruled.

Appellant's final ground of error states:
"The trial court erred in refusing to allow any submission of a jury charge concerning the lesser included offense of reckless conduct."

The charge requested applied to conduct which falls short of injurying another. *Gallegos v. State*, 548 S.W.2d 50 (Tex.Crim.App.1977). Also, there was no evidence to reflect that appellant, if guilty at all, was guilty only of the lesser included offense. *Watson v. State*, 605 S.W.2d 877 (Tex.Crim.App.1979). This ground of error is overruled.

The judgment of the trial court is affirmed.

Affirmed.