Opinion issued November 9, 2006



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-05-01007-CR




EUGENE LUNSFORD, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 909966




MEMORANDUM OPINION

          A jury found appellant, Eugene Lunsford, guilty of aggravated robbery and
assessed punishment at 75 years’ confinement, in addition to a $10,000 fine. Tex.
Pen. Code Ann. § 29.03 (a)(1) (Vernon 2005). In two issues, appellant contends that
the evidence is legally and factually insufficient to sustain his conviction because the
State failed to prove that the complainant suffered serious bodily injury. We affirm. Background
          Miranda McBride, the complainant, was returning home around 2 a.m. on
February 23, 2002, when she noticed another car in the parking lot of her apartment
complex. The complainant testified that, as she got out of her car and started to walk
towards her apartment, the other car turned on its headlights and slowly drove
towards her. As the car passed by her, the complainant was able to see the driver, a
“clean-cut” African-American male wearing a white sweater, whom she later
identified as appellant. 
          The complainant continued to walk towards her apartment, but, as she glanced
over her shoulder, she noticed the other car’s door was open and the dome light was
on. The driver, however, was not in sight. The complainant was then struck on the
back of the head with a metal object. She testified that, when she screamed, the
assailant told her that he would make it worse if she did not “shut up.” After the
initial blow, the complainant turned around and was able to identify her assailant as
the driver of the other car. The complainant was struck on the left side of her face
and near her right ear three or more times. The assailant continued to strike her even
after she fell to the ground. After the attack, the complainant realized that her purse,
which contained six or seven credit cards, was missing.
          The complainant sustained three injuries requiring treatment at the hospital the
night of her attack: her right ear was stitched together to account for a “chunk” that
was missing; she had a two-inch laceration on the top of her scalp, which also
required stitches; and her left eye was stitched closed. Medical records offered into
evidence by the State, along with testimony from the complainant, indicate that the
injury to the complainant’s eye later required a plastic implant to be surgically
inserted into the eye socket to prevent the eye from sinking. At trial, the complainant
further testified that, despite the fact that more than three years had passed since the
attack, she was still experiencing pain in her left eye and on the top of her head. 
Additionally, she did not have feeling on the left side of her face at all times. Sufficiency of the Evidence
          In his first and second issues, appellant contends that the evidence was legally
and factually insufficient to sustain his aggravated robbery conviction because the
State failed to prove that the complainant suffered serious bodily injury. 
Standard of Review 
          In reviewing a challenge to the legal sufficiency of the evidence, the standard
is whether, after viewing the evidence in the light most favorable to the verdict, any
rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789
(1979); Escamilla v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004). In our
factual-sufficiency review, we view all of the evidence in a neutral light. See Cain
v. State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997). We will set aside the verdict
only if (1) the evidence is so weak that the verdict is clearly wrong and manifestly
unjust or (2) the verdict is against the great weight and preponderance of the
evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Under the first
prong of Johnson, we cannot conclude that a conviction is “clearly wrong” or
“manifestly unjust” simply because, on the quantum of the evidence admitted, we
would have voted to acquit had we been on the jury. Watson v. State, No. PD-469-05,
2006 WL 2956272, at *10 (Tex. Crim. App. Oct. 18, 2006). Under the second prong
of Johnson, we must be able to say, with some objective basis in the record, that the
great weight and preponderance of the evidence contradicts the jury’s verdict. Id. In
conducting a factual-sufficiency review, we must also discuss the evidence that,
according to the appellant, most undermines the jury’s verdict. Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003). 
          We may not re-weigh the evidence and substitute our judgment for that of the
fact-finder. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The fact-finder alone determines the weight to be given contradictory testimonial evidence, as
that determination depends on the fact-finder’s evaluation of credibility and
demeanor. Cain, 958 S.W.2d at 408–09. As the determiner of the credibility of the
witnesses, the fact-finder may choose to believe all, some, or none of the testimony
presented. Id. at 407 n.5.
Analysis
          In pertinent part, the indictment alleges that appellant, while in the course of
committing robbery, “intentionally, knowingly and recklessly cause[d] serious bodily
injury to MIRANDA MCBRIDE, by STRIKING MIRANDA MCBRIDE WITH AN
UNKNOWN OBJECT.” “Serious bodily injury” is defined by the Texas Penal Code
as “bodily injury that creates a substantial risk of death or that causes death, serious
permanent disfigurement, or protracted loss or impairment of the function of any
bodily member or organ.” Tex. Pen. Code Ann. § 1.07(a)(46) (Vernon 2003). 
“Bodily injury” means “physical pain, illness, or any impairment of physical
condition.” Id. § 1.07(a)(8). Though often a matter of degree, there is a meaningful
distinction between “bodily injury” and “serious bodily injury.” See Moore v. State,
739 S.W.2d 347, 352 (Tex. Crim. App. 1987). Whether the injury sustained
constitutes a serious bodily injury is, therefore, an issue that must be decided on case-by-case basis. Id. 
          Because the record does not indicate that the injuries sustained by the
complainant created a substantial risk of death, the relevant inquiry is whether the
injuries caused serious permanent disfigurement or protracted loss or impairment of
the function of any bodily member or organ. Serious bodily injury may be established
in the absence of expert testimony where the injury and its effects are obvious. 
Carter v. State, 678 S.W.2d 155, 157 (Tex. App.—Beaumont 1984, no pet.). In
determining the existence of permanent disfigurement or protracted impairment,
courts have considered whether the injury would be permanently disfiguring without
medical treatment and whether the victim continues to suffer from the physical effects
of the injury. See, e.g., Brown v. State, 605 S.W.2d 572, 575 (Tex. Crim. App. 1980);
 Bosier v. State, 771 S.W.2d 221, 223 (Tex. App.— Houston [1st Dist.] 1989, pet.
ref’d). In Brown v. State, an aggravated rape case, the complainant’s nose was
broken. 605 S.W.2d at 575. Although the broken bone was set, there was evidence
that the injury would have caused permanent disfigurement and dysfunction absent
the medical treatment. Id. The Court of Criminal Appeals held that, because the
relevant issue in determining the degree of disfigurement is the damage caused by the
wound when inflicted, and not after the effects of the injury are ameliorated or
exacerbated by medical treatment, the evidence was sufficient to show serious bodily
injury. Id. In Bosier v. State, this Court held that the evidence supported the jury’s
finding that the complainant sustained a serious bodily injury when, at trial, the
complainant continued to suffer from hearing and balance impairment as a result of
the neurological damage caused by the attack. 771 S.W.2d at 223. The finding of
serious bodily injury was further supported in Bosier by the expert testimony of a
neurosurgeon, who indicated that the injuries sustained by the complainant created
a substantial risk of death. Id. In Hernandez v. State, however, the El Paso Court of
Appeals held that, where the only evidence of permanent disfigurement was mere
scarring, the evidence was insufficient to support a finding of serious bodily injury. 
946 S.W.2d 108, 113 (Tex. App.— El Paso 1997, no pet.). The Hernandez court
noted that there must be evidence of some significant cosmetic deformity. Id. 
          In reliance on Hernandez, appellant argues that, because the record does not
indicate whether or to what extent the complainant suffered from scarring, the
evidence is insufficient to establish the element of serious bodily injury. The hospital
records show that, as a result of the blows to her face, the complainant here suffered
multiple fractures along the base of her left eye socket and developed mild
enophthalmos,


 causing her eye to recess into the back portion of the socket. These
fractures required the complainant to undergo surgery in order to insert a plastic
implant along her left orbital floor to cover the fractures and elevate the eye. The
surgeon did not testify at trial, but his complete diagnosis and post-operative report
were introduced into evidence. Absent the surgery, the complainant’s eye would have
been sunken. Furthermore, the complainant’s testimony showed that her impairment
was protracted. At the time of trial, nearly three years after the attack, the
complainant was still experiencing pain in her left eye and on the top of her head. She
also stated that, on occasion, she did not have feeling on the left side of her face. The
complainant’s injuries resulted in more than mere scarring and, thus, they fall outside
of the holding in Hernandez. 
          The facts in appellant’s case are more akin to those in Brown v. State. 771
S.W.2d 221. Absent the insertion of a plastic implant in her left eye socket, the
complainant’s eye would have continued to sink. Additionally, the complainant
testified that she continued to experience pain and numbness in her left eye and face
more than three years after the attack. Because the relevant issue in determining the
degree of disfigurement is the damage caused by the injury when inflicted and not
after the effects of the injury are ameliorated or exacerbated by medical treatment, a
rational jury could have found that this evidence established the element of serious
bodily injury beyond a reasonable doubt. Thus, when viewed in the light most
favorable to the verdict, the evidence is legally sufficient, and we overrule appellant’s
first issue.
          Appellant argues that the absence of evidence indicating the location and
extent of any scarring suffered by the complainant renders the jury’s verdict
manifestly unjust or clearly wrong under the Hernandez standard announced by the
El Paso Court of Appeals. Appellant’s argument is not supported by the record. As
discussed above, Hernandez is not controlling because the injuries suffered by the
complainant amounted to more than mere scarring. The jury’s finding of serious
bodily injury is not outweighed by the great weight and preponderance of the
evidence, nor is it clearly wrong or manifestly unjust. Thus, we hold the evidence is
factually sufficient to sustain appellant’s conviction, and we overrule appellant’s
second issue. 
Conclusion
          We affirm the judgment of the trial court.
 


 
George C. Hanks, Jr.
Justice

Panel consists of Justices Taft, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.4.