**Opinion issued August 4, 2016**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-15-00560-CR

—————————————

## MICHAEL ANTHONY DAVILA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 351st District Court
Harris County, Texas
Trial Court Case No. 1359876

## MEMORANDUM OPINION

The trial court found appellant, Michael Anthony Davila, guilty of the first-degree felony offense of aggravated assault on a household member[1] and assessed his punishment at twelve years in prison. Appellant appeals on two issues:

---

[1]     TEX. PENAL CODE ANN. § 22.02(a), (b)(1) (West 2011); TEX. FAM. CODE ANN. § 71.005 (West 2014).

(1) the evidence is insufficient to prove that the injuries suffered by the complainant constituted serious bodily injury, and (2) the evidence is insufficient to prove that the unknown object was a deadly weapon. We affirm the trial court's judgment.

## Background

Wegin Ng testified that his eighteen-year old grandson, appellant, lived with him and his wife, Mary Ann. Early one morning, Ng awoke to appellant stabbing him in his abdomen and chest. Ng pushed appellant away and appellant fled. According to Ng, he received six stab wounds during the attack, one of which he described as being "pretty deep." Ng also testified that his stab wounds bled profusely and caused him significant pain. Although Ng could not see what appellant had used to stab him with, Ng told hospital personnel that appellant had used a knife.

One of the first officers on the scene testified that Ng was bleeding "pretty bad" when he arrived at Ng's house. Ng's medical records, which were admitted into evidence at trial, indicate that emergency medical personal suspected that Ng had pericardial fluid leaking into his body as a result of the stabbing. Upon his arrival at the hospital, Ng was immediately sent in for exploratory surgery to check for any leaks or other internal damage. During the surgery, the doctors performed a laparotomy. One of the stab wounds required the doctors to move Ng's spleen, and in the process, Ng's inferior splenic pole was injured, resulting in a necessary splenectomy. Additionally, the doctors repaired Ng's abdominal wounds with

2

internal sutures and staples. Ng was diagnosed at the hospital with four left abdominal and chest stab wounds, two more stab wounds to his left arm, a splenic laceration, traumatic abdominal hernia, and a urethral injury.

Photographs taken soon after the incident that showed the extent of Ng's injuries and the sutures and staples used to close the wounds were admitted into evidence. Additional photographs were also admitted into evidence that showed that Ng still had significant scarring on his chest, abdomen, and arm three years later.

**Standard of Review and Applicable Law**

When reviewing the sufficiency of the evidence, the evidence is viewed in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). The factfinder is the sole judge of the weight and credibility of the evidence. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). We may not re-weigh the evidence and substitute our judgment for that of the factfinder. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Additionally, we must give due deference to the factfinder's determinations. *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008).

A person commits the first-degree felony offense of aggravated assault of a family member if he commits an assault and causes serious bodily injury, or uses or exhibits a deadly weapon during the commission of the assault, to a person living in

3

the same household. TEX. PENAL CODE ANN. § 22.02(a), (b)(1) (West 2011); TEX. FAM. CODE ANN. § 71.005 (West 2014) (defining household as unit composed of persons living together in same dwelling).

**Analysis**

In his first issue, appellant contends that the evidence is insufficient to show serious bodily injury because Ng's wounds were shallow and superficial and none of his internal organs were injured. Serious bodily injury is defined as, "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." TEX. PENAL CODE ANN. § 1.07(a)(46) (West Supp. 2015). Appellant argues that the serious medical conditions were only the result of medical intervention; therefore, the evidence does not establish serious bodily injury. *See Stuhler v. State*, 218 S.W.3d 706, 715 (Tex. Crim. App. 2007). Based on the medical records, the injuries themselves were sufficient to establish serious bodily injury. Ng suffered from four abdominal and chest stab wounds, two stab wounds to his left arm, a splenic laceration, traumatic abdominal hernia, and a urethral injury. Two stab wounds required sutures and staples to close, and one required immediate exploratory surgery. The trial court could have reasonably determined from the evidence that the stab wounds to Ng's chest and stomach created a substantial risk of death if he had not received medical treatment. *See Blea v. State*, 483 S.W.3d 29,

4

32 (Tex. Crim. App. 2016) (holding that serious bodily injury is based on degree of risk posed by injury without regard to positive effects of medical treatment).

Expert testimony is not required to establish serious bodily injury when the injury and its effects are obvious. *Carter v. State*, 678 S.W.2d 155, 157 (Tex. App.—Beaumont 1984, no pet.). A person who sustained the injury is qualified to express an opinion about the seriousness of that injury. *Jackson v. State*, 399 S.W.3d 285, 292 (Tex. App.—Waco 2013, no pet.) (mem. op.). Ng testified that appellant stabbed him six times in the chest, arms, and abdomen, and he described one of those stab wounds as "pretty deep." He further testified that his wounds were bleeding profusely and he was in "quite a bit" of pain after appellant assaulted him. An officer who saw Ng shortly after the attack also testified that Ng was bleeding "pretty bad."

Appellant directs us to *Hollaway v. State* to support his argument that the evidence was insufficient to show serious bodily injury because he alleges that the stab wounds were superficial. 446 S.W.3d 847, 852 (Tex. App.—Texarkana 2014, no pet.) (holding one abdomen stab wound was insufficient to establish serious bodily injury). This case is distinguishable from *Hollaway* because there is evidence that Ng suffered from six stab wounds that caused significant pain and bleeding, and required immediate surgery.

Appellant urges us to consider *Hernandez v. State* where the trial court held that a small scar alone is not sufficient to establish permanent disfigurement. 946

S.W.2d 108, 113 (Tex. App.—El Paso 1997, no pet.). *But see Hunt v. State*, No. 12-05-00329-CR, 2006 WL 2361438, at \*3 (Tex. App.—Tyler 2006, no pet.) (mem. op., not designated for publication) (holding that significant and permanent scarring of victim's back, face, and arm, was sufficient to prove serious bodily injury). Unlike *Hernandez*, there is evidence in this case of cosmetic deformity. Photographs showed significant scarring on Ng's chest, abdomen, and arm three years after the attack. This permanent scarring is sufficient to demonstrate serious bodily injury. The evidence of Ng's six stab wounds is sufficient to support the trial court's implied finding that the wounds created a substantial risk of death and caused serious bodily injury. Viewing the evidence in a light most favorable to the verdict, we hold the evidence is legally sufficient to prove the offense of aggravated assault. *Jackson v. Virginia*, 443 U.S. 307 at 319, 99 S. Ct. 2781 at 2789. We overrule appellant's first issue.

In his second issue, appellant contends that the evidence is insufficient to prove the use of a deadly weapon because the unknown object, in the manner of its use or intended use, was not capable of causing death or serious bodily injury. The Penal Code defines a deadly weapon as: (1) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or (2) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. TEX. PENAL CODE ANN. § 1.07(a)(17) (West

6

Supp. 2015). Here, there is a question of what the object was, either a knife or another sharp object. But even if the weapon used to stab Ng was an unknown sharp object, the injuries suffered by the victim can by themselves be sufficient to infer that a deadly weapon was used. *Tucker v. State*, 274 S.W.3d 688, 691–92 (Tex. Crim. App. 2008). Appellant used a sharp object to repeatedly stab Ng's body, which resulted in surgery being required to repair the internal damage caused by the weapon, and caused significant scarring.

A factfinder can reasonably determine from the totality of the evidence that the unknown weapon was capable of causing death or serious bodily injury. The trial court made an affirmative finding that appellant used a deadly weapon in commission of the offense. The evidence of the injuries caused by the instrument used by appellant is sufficient to support the trial court's finding that appellant knowingly or intentionally caused serious bodily injury with a deadly weapon. We overrule appellant's second issue.

## Conclusion

We affirm the trial court's judgment.

Russell Lloyd
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.

Do not publish.   TEX. R. APP. P. 47.2(b).