

# NUMBER 13-18-00644-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

BRIAN WILLIAM STEVENS,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                            Appellee.

---

### On appeal from the 214th District Court
### of Nueces County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Hinojosa, Perkes, and Tijerina
### Memorandum Opinion by Justice Perkes

Appellant Brian William Stevens was convicted of aggravated assault, a first-degree felony, and violating a bond condition in a family violence case, a third-degree felony.[1] *See* TEX. PENAL CODE ANN. §§ 22.02(b)(1), 25.07. The jury sentenced Stevens to

---

[1] Stevens pleaded not guilty to the aggravated assault charge and guilty to the charge of violating a bond condition in a family violence case.

concurrent prison terms of life and ten years, respectively. *See id.* §§ 12.32(a), 12.34(a). By two issues, Stevens contends: (1) the evidence does not support his conviction for aggravated assault because the State failed to prove beyond a reasonable doubt that he caused the complainant serious bodily injury; and (2) each sentence was disproportionate to the seriousness of the offense in violation of the United States Constitution. *See* U.S. CONST. amends. VIII, XIV. We affirm.

## I. BACKGROUND

It is undisputed that, on October 12, 2017, Stevens walked into a bar, grabbed his ex-girlfriend by the hair, pulled her head back, and began stabbing her face with a large kitchen knife. In addition to lacerations to her tongue, lip, and chin, the complainant suffered defensive wounds to her left arm and thumb. The only contested fact issue at trial was the seriousness of these injuries.

One witness described the complainant's wounds as "terrible," saying the complainant's thumb was "laid open" and her chin was "sliced open" with "this huge gash of blood just coming out." The complainant described the injury to her thumb as "a large gash with some skin hanging." According to another witness, "[t]here was blood all over the floor," and the jury was shown photos of the complainant's blood on various surfaces at the scene. The jury was also shown the complainant's blood-soaked clothes from the night of the incident.

At the emergency room, the complainant received stitches to her chin, thumb, and tongue, which also required "glue." The jury was shown pictures of the complainant's sutured wounds. The laceration on her chin runs in a jagged line at roughly a forty-five-degree angle and is proportional in size to the width of the complainant's mouth. Several

2

people testified about the visible scar on the complainant's face, and the complainant testified that doctors advised her that she would need plastic surgery to reduce scarring. The wound on her left thumb is J-shaped and measures approximately one inch across. Although the complainant could not recall the exact number of stitches required for each wound, Stevens's counsel represented that her chin required "nine" stiches and her thumb required "six or seven," which appears consistent with the pictures admitted at trial.

One witness testified that the complainant had difficulty speaking for three to four months after the incident. The complainant testified that she has lost her sense of taste on the injured portion of her tongue and sometimes speaks with a lisp. Her lip tingles and hurts when she touches it. Her injured thumb has limited range of motion and the "bone sort of sticks out and it causes pain." Although not diagnosed by a doctor, the complainant believes she suffered nerve damage in all three areas.

The jury found Stevens guilty of aggravated assault with serious bodily injury, and this appeal ensued.

## II.  LEGAL SUFFICIENCY

By his first issue, Stevens contends that the evidence was legally insufficient to support his conviction because the State failed to prove beyond a reasonable doubt that the complainant suffered a serious bodily injury.

## A.  Standard of Review

When reviewing claims of legal insufficiency, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Whatley v. State*, 445 S.W.3d 159, 166

3

(Tex. Crim. App. 2014); *Martinez v. State*, 527 S.W.3d 310, 320 (Tex. App.—Corpus Christi–Edinburg 2017, pet. ref'd). The fact finder is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to the testimony and is presumed to have resolved any conflicts in the evidence in favor of the verdict. *See Bartlett v. State*, 270 S.W.3d 147, 150 (Tex. Crim. App. 2008); *see also Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (giving deference to the fact-finder "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.").

"Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt." *Winfrey v. State*, 393 S.W.3d 763, 771 (Tex. Crim App. 2013) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)). Juries are permitted "to draw reasonable inferences as long as each inference is supported by the evidence presented at trial. However, juries are not permitted to come to conclusions based on mere speculation or factually unsupported inferences or presumptions." *Hooper*, 214 S.W.3d at 15.

Sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik*, 953 S.W.2d at 240. In this case, a hypothetically correct charge would instruct the jury to find Stevens guilty of aggravated assault if he

4

intentionally, knowingly, or recklessly used a deadly weapon to cause serious bodily injury to the complainant by stabbing her with a knife, and Stevens and the complainant were previously in a dating relationship. *See* TEX. PENAL CODE ANN. § 22.02(b)(1); TEX. FAM. CODE ANN. § 71.0021(b).

## B.    Applicable Law

"Serious bodily injury" is "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." TEX. PENAL CODE ANN. § 1.07(a)(46). No wound constitutes "serious bodily injury" per se. *Williams v. State*, 696 S.W.2d 896, 898 (Tex. Crim. App. 1985) (explaining that even a gunshot wound, standing alone, is not sufficient to prove "serious bodily injury"); *see also Ramirez v. State*, No. 13-05-00785-CR, 2009 WL 1567340, at *3 (Tex. App.—Corpus Christi–Edinburg Jan. 22, 2009, pet. ref'd) (mem. op., not designated for publication) (citing *Hernandez v. State,* 946 S.W.2d 108, 111 (Tex. App.—El Paso 1997, no pet.)). "Instead, we must determine whether an injury constitutes a serious bodily injury on a case-by-case basis, evaluating each case on its own facts to determine whether the evidence was sufficient to permit the finder of fact to conclude that the injury fell within the definition of 'serious bodily injury.'" *Sizemore v. State*, 387 S.W.3d 824, 828 (Tex. App.—Amarillo 2021, pet ref'd) (citing *Moore v. State*, 739 S.W.2d 347, 352 (Tex. Crim. App. 1987)); *see also Ramirez*, 2009 WL 1567340, at *3 (citations omitted).

A physician's testimony is not necessary to establish serious bodily injury when the injury and its effects are obvious. *Sizemore*, 387 S.W.3d at 828 (citing *Carter v. State*, 678 S.W.2d 155, 157 (Tex. App.—Beaumont 1984, no pet.)); *see also Ramirez*, 2009 WL

1567340, at *3. "The person who sustained the at-issue injury is qualified to express an opinion about the seriousness of that injury." *Sizemore*, 387 S.W.3d at 828 (citing *Hart v. State*, 581 S.W.2d 675, 677 (Tex. Crim. App. [Panel Op.] 1979)); *see also Ramirez*, 2009 WL 1567340, at *3.

## C. Analysis

Stevens conceded at trial that he used a deadly weapon to cause bodily injury to his ex-girlfriend, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a)(2). His chief contention, which he now echoes on appeal, was that the State overcharged him by improperly alleging that the complainant suffered *serious* bodily injury, an enhancing element that raised the level of the offense in this case to a first-degree felony. *See id.* § 22.02(b)(1). The State maintains that the evidence was sufficient to allow the jury to conclude beyond a reasonable doubt that the complainant suffered (1) serious permanent disfigurement to her face and (2) protracted impairment in the functions of her tongue and (3) thumb, any of which met the standard of serious bodily injury. *See id.* § 1.07(a)(46). We agree with the State.

### 1. Permanent Disfigurement

As Stevens correctly notes, the fact that an injury causes scarring, without more, is insufficient to establish serious permanent disfigurement. *Sizemore*, 387 S.W.3d at 828; *see, e.g.*, *Hernandez*, 946 S.W.2d at 113 (finding evidence of one-inch scar from stab wound in addition to a surgical scar insufficient to "elevate 'bodily injury' to 'serious bodily injury'"); *McCoy v. State*, 932 S.W.2d 720, 724 (Tex. App.—Fort Worth 1996, pet. ref'd) (concluding evidence of slight scar on lip, though permanent, was not sufficient to show serious permanent disfigurement). Rather, to conclude that the evidence of serious

6

bodily injury is sufficient, the record must support a finding of "some significant cosmetic deformity." *Sizemore*, 387 S.W.3d at 828; *see also Reyes v. State*, No. 03-15-00233-CR, 2017 WL 1130373, at *5 (Tex. App.—Austin Mar. 23, 2017, pet. struck) (mem. op., not designated for publication). Importantly, the disfiguring or impairing quality of the injury is assessed at the time "it was inflicted, not after the effects have been ameliorated or exacerbated by other actions such as medical treatment." *Stuhler v. State*, 218 S.W.3d 706, 715 (Tex. Crim. App. 2007) (quoting *Fancher v. State*, 659 S.W.2d 836, 838 (Tex. Crim. App.1983)); *Blea v. State*, 483 S.W.3d 29, 34–35 (Tex. Crim. App. 2016) (citing *Brown v. State*, 605 S.W.2d 572, 575 (Tex. Crim. App. 1980)).

In this case, despite the ameliorating effect of stitches, the complainant was referred for scar revision plastic surgery for the laceration on her chin. A witness described the wound as "sliced open," a "huge gash" that required numerous stiches. Moreover, the jury was shown photos of the sutured wound, which spans the complainant's entire chin. We agree with our sister court that "the location of the scarring is a relevant factor. While a dime-size scar on the leg or torso may not be disfiguring, a jury could reasonably determine that such a scar prominently visible on the face could be disfiguring and constitute 'significant cosmetic deformity.'" *Reyes*, 2017 WL 1130373, at *5. Given the size and nature of the wound on the complaint's face, we conclude that the jury could have reasonably inferred that Stevens caused a "significant cosmetic deformity" to the complainant at the time the injury was inflicted. *See Stuhler*, 218 S.W.3d at 715; *Sizemore*, 387 S.W.3d at 828.

### 2. Protracted Impairment

We also conclude that the evidence was sufficient to show the complainant

suffered protracted impairment to the function of her tongue and thumb. One witness testified that the complainant had trouble speaking for three to four months after the incident. Although the trial occurred approximately a year after the incident, the complainant testified that she still had no sense of taste on the injured portion of her tongue and sometimes spoke with a lisp. Further, the complainant testified that she has lost range of motion in her injured thumb and that it remains painful. This evidence, viewed in the light most favorable to the prosecution, was sufficient to support a finding that the complainant suffered a protracted impairment to the function of her tongue and thumb. *Compare Williams v. State*, 575 S.W.2d 30, 33 (Tex. Crim. App. 1979) ("We hold that the injury which caused Puckett to lose lifting power in his arm for three months constitutes a 'protracted impairment . . . of the function of any bodily member,' so that the wound would be classified as serious bodily injury."); *and Allen v. State*, 736 S.W.3d 225, 227 (Tex. App.—Corpus Christi–Edinburg 1987, pet ref'd) (holding that evidence that a broken finger caused disfunction more than three months after the injury constituted a protracted impairment); *with Villarreal v. State*, 716 S.W.2d 651, 652 (Tex. App.—Corpus Christi–Edinburg 1986, no pet.) (holding that "[e]vidence of the victim's inability to raise his arms for two weeks caused by the pain of two fractured ribs, and the fractured ribs themselves, are insufficient to show that appellant caused 'serious bodily injury'"). We overrule Stevens's first issue.

## III. DISPROPORTIONATE SENTENCES

By his second issue, Stevens contends that his sentences were excessive and in violation of the Eighth and Fourteenth Amendments. *See* U.S. CONST. amends. VIII, XIV.

8

An allegation of excessive or disproportionate punishment is a legal claim "embodied in the Constitution's ban on cruel and unusual punishment" and based on a "narrow principle that does not require strict proportionality between the crime and the sentence." *State v. Simpson*, 488 S.W.3d 318, 322–24 (Tex. Crim. App. 2016) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)); *see* U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."); *see also Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010) (acknowledging that the Eighth Amendment is applicable to the states by virtue of the Fourteenth Amendment (citing *Robinson v. California,* 370 U.S. 660, 666–67 (1962))). A successful challenge to proportionality is exceedingly rare and requires a finding of "gross disproportionality." *Simpson*, 488 S.W.3d at 322–23 (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd) (providing that a sentence assessed within the legislatively determined range is unlikely be disturbed on appeal).

However, in order to preserve for appellate review a complaint that a sentence is grossly disproportionate or constitutes cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *See* TEX. R. APP. P. 33.1(a); *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Trevino*, 174 S.W.3d at 928 (holding that to preserve a disproportionate-sentencing complaint, the defendant must make a timely, specific objection in trial court or raise the issue in a motion for new trial); *Navarro v. State*, 588 S.W.3d 689, 690 (Tex. App.—Texarkana 2019, no pet.) (same); *Toledo v. State*, 519

9

S.W.3d 273, 284 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (same); *Pantoja v. State*, 496 S.W.3d 186, 193 (Tex. App.—Fort Worth 2016, pet. ref'd) (same).

At no time prior to this appeal did Stevens argue that the sentences imposed were disproportionate to the offenses charged or in violation of his constitutional rights. *See* U.S. CONST. amends. VIII, XIV. Accordingly, we hold that Stevens failed to preserve his complaint for review. *See Smith*, 721 S.W.2d at 855; *Trevino*, 174 S.W.3d at 927–28 ("Because the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [appellant] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection."). We overrule Stevens's second issue.

## IV.    CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
20th day of August, 2020.